IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ZANE RICHARD DICKENS,<br><br>                               Plaintiff,<br><br>vs.<br><br>ORVILLE WINSTON BARTON and<br>WINSTON TRUCKING, LLC,<br><br>                               Defendants. | Case No.:  9:24-cv-06005-DCN<br><br>**MOTION TO ALTER TIME** |

The Parties respectfully request that the August 8, 2025, deadline for closure of discovery be extended, pursuant to Rule 16(b)(4).

## **FACTUAL BACKGROUND**

Plaintiff filed this action on August 27, 2024, in the Court of Common Pleas for Jasper County. On October 21, 2024, Defendants removed the case to the Beaufort Division of the District of South Carolina. Subsequently, the Parties agreed to an Amended Scheduling Order at the 26(f) Conference, which was entered by the Court on January 14, 2025. Since the entry of the Amended Scheduling Order, the Parties have engaged in written discovery, taken the Plaintiff's deposition, and completed expert disclosures. Additionally, the Parties have worked together to find mutually agreeable dates for the remaining depositions, including expert depositions and potential *de bene esse* testimony.

## **LEGAL STANDARD**

A scheduling order may be modified "for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" standard for modification "focuses on the diligence of the

party seeking leave to modify the scheduling order." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.1997).

## ARGUMENT

Since the entry of the Amended Scheduling Order, the Parties have engaged in written discovery, taken the Plaintiff's deposition, and completed expert disclosures. Additionally, the Parties have worked together to find mutually agreeable dates for the remaining depositions, including expert depositions and potential *de bene esse* testimony. Despite the Parties' diligence, due to scheduling conflicts amongst the Parties' counsel and the various witnesses, the Parties require additional time to complete discovery. Additional time will also serve to allow the Parties to mediate the case prior to taking on the expense of expert discovery, serving the interests of justice in the "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Thus, the parties request a thirty-day extension of the remaining deadlines in the scheduling order, with deadlines falling on weekends moved to the following Monday.

## LOCAL CIVIL RULE 6.01 STATEMENT

Pursuant to Local Civ. Rule 6.01, the following information is provided:

1. The current deadline for the closure of discovery was August 8, 2025.

2. The deadline has not been extended previously.

3. The Plaintiff requests sixty additional days, with the new deadline on October 7, 2025.

4. The extension will affect the remaining deadlines. The parties propose the deadlines be shifted to preserve the current spacing, as laid out in the proposed amended scheduling order emailed to chambers.

[*Signatures on Following Page*]

**I SO MOVE/CONSENT:**

**MORGAN & MORGAN, P.A.**

s/ Cooper Klaasmeyer
Cooper Klaasmeyer, Fed. I.D. No. 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
(843) 973-5438
**ATTORNEYS FOR PLAINTIFF**

**SHARP LAW FIRM, LLC**

s/ Mary E. Sharp
Mary E. Sharp
Fed ID: 06170
Post Office Box 1589
Beaufort, South Carolina 29901
843-524-9850
msharp@marysharplaw.com

**ATTORNEY FOR DEFENDANTS
ORVILLE WINSTON BARTON AND
WINSTON TRUCKING, LLC**